**Anthony (Tony) FERNANDEZ,**
**Appellant,**

v.

**Raymond W. MEIER, Warden, Appellee.**

**No. 22442.**

United States Court of Appeals
Ninth Circuit.

March 6, 1969.

As Amended on Denial of Rehearing
May 16, 1969.

Anthony (Tony) Fernandez, pro se.

Eugene G. Cushing, U. S. Atty., John S. Obenour, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

POPE, Circuit Judge:

■ The appellant here was convicted under various counts of two indictments charging interstate frauds in violation of 18 U.S.C. § 2314. His conviction was affirmed, Fernandez v. United States, 329 F.2d 899. He was sentenced to a term of imprisonment which he is now serving in a federal penitentiary. Thereafter he filed in the court below, which is the court in which he was originally convicted, two petitions to set aside and nullify his sentence. These petitions were by him denominated "Petitions for Writ of Habeas Corpus." The petitions were joined together and heard by a Judge sitting in that court and denied. Obviously, since appellant is a federal prisoner, his application for post-conviction remedy should have been founded upon the provisions of 28 U.S.C. § 2255, but inasmuch as the court below passed upon these petitions on the merits, and in the same manner as it would have done had they been denominated petitions under the last named section, we think it is appropriate that we should disregard the misnomer used by the appellant and consider the appeal upon the merits.

Appellant's main contention is that the grand and petit juries, which indicted and convicted him in 1962, were "illegally

and unlawfully founded, arranged and constituted" in that "Spanish-American persons legally qualified and eligible for jury service and commissioner selection, residing in the counties * * * which comprise the federal district for Western State of Washington, of the Southern division (in which he was convicted), were systematically and purposely excluded: from original jury roll list, from jury panel, from serving on sitting grand and petit juries. * * *" Petitioner alleges that he is a Spanish-American person, born in the United States, from American naturalized Spanish parents.[1]

The substantive question thus sought to be raised by the appellant upon this appeal is whether, in systematically and purposely excluding from the jury rolls or lists members of a class to which appellant belong, there had been an unconstitutional discrimination against the petitioner. We assume that under the decisions of the Supreme Court in Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866, and Eubanks v. Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991, such a systematic exclusion of members of a class to which petitioner belonged would constitute a denial of due process. Cf. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884.

■ It is conceded that the appellant made no such claim or objection when he was tried. This suggests the question whether, because of the provisions of Rule 12(b) of the Federal Rules of Criminal Procedure, appellant has waived his right to complain of the constitution of the grand and petit juries arrays.

Shotwell Mfg. Co. v. United States, 371 U.S. 341, 361–363, 83 S.Ct. 448, 461, 9 L.Ed.2d 357. The decision in the Shotwell case was upon appeal from conviction of the jury trial. The Court said: "These motions, predicated on 'newly discovered evidence,' alleged that both juries were illegally constituted * * *. We think, as the two lower courts did, that petitioners have lost these objections by years of inaction. Rule 12(b) (2) of the Federal Rules of Criminal Procedure provides: 'Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. * * * Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.'[2] Petitioners concede, as they must, that this Rule applies to their objection to the grand jury array, but deny that it applies to their objection to the petit jury array. On the latter point we do not agree. In Frazier v. United States, 335 U.S. 497, 503, 69 S.Ct. 201, 205, 93 L.Ed. 187, this Court stated that a challenge to the method of selecting the petit jury panel comes too late when not made before trial. And the lower federal courts have uniformly held that an objection to the petit jury array is not timely if it is first raised after verdict. (Citing cases.)"

The Shotwell case makes it plain that if the appellant here had endeavored to

---

1. He also alleges that no Spanish-American persons were on the panel from which juries were selected that indicted and convicted him, and that, although he was a registered voter in the preceding 22 consecutive years, he had never been selected for federal jury service. This allegation is of course without significance.

2. Rule 12(b) (2) of the Federal Rules of Criminal Procedure, in entirety, reads as follows: "(2) Defenses and Objections Which Must Be Raised. Defenses and objections based on defects in the institution of the prosecution or in the indict-

ment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

raise these questions upon a direct appeal from the judgment of conviction, he could not have done so. Criminal Rule 12(b) (2), supra, would require us to hold that failure to present his claim as therein required "constitutes a waiver thereof". The question now presented is whether notwithstanding this, appellant can now raise the question by collateral attack on the judgment pursuant to Title 28 § 2255?

■ We have the impression that generally a collateral attack on a judgment cannot succeed when review cannot be had on direct appeal. What gives us pause here is language used by the Court in Sanders v. United States, 373 U.S. 1, at p. 18, 83 S.Ct. 1068, at p. 1078, 10 L.Ed.2d 148. The Sanders case involved a collateral attack under § 2255, supra. The Court said: "The Court's recent opinions in Fay v. Noia, supra,[3] 372 U.S. at 438–440, 83 S.Ct., at 848, 849, and Townsend v. Sain, supra, 372 U.S. at 317, 83 S.Ct., at 760, 761,[4] deal at length with the circumstances under which a prisoner may be foreclosed from federal collateral relief. The principles developed in those decisions govern equally here."

It is noted that Fay v. Noia and Townsend v. Sain dealt with the rights of state prisoners. There was no occasion to construe or deal with Criminal Rule 12, supra. In Fay v. Noia the question was whether petitioner had waived the right now claimed. The Court said: "The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or oth-

erwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default." 372 U.S. at 439, 83 S.Ct. at 849.

While Rule 12, supra, did not apply there, the State had a statutory requirement equally rigid—the provision that one in Noia's position had a right to appeal from his conviction—a right which Noia failed to exercise.

Perhaps the Court, in deciding Sanders v. United States, supra, might have chosen to rely upon Rule 12(b) (2), as applicable to objections and defenses by federal prisoners as distinct from state prisoners, thus distinguishing Fay v. Noia. But the Court chose not to do so, saying in the language quoted above, that the test of waiver in Fay v. Noia applied in Sanders.

■ In view of this ruling we must hold that it cannot be said that the record before us conclusively showed a waiver of petitioner's constitutional rights within the meaning of Fay v. Noia, and that a hearing is required to ascertain whether on the facts there was an intelligent and understanding waiver of constitutional rights.[5]

Therefore the judgment is reversed and the cause remanded for the purpose of permitting such hearing.[6] In the

---

3. 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

4. 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

5. As to who, client or counsel, may waive, see McNeil v. State of North Carolina (4

Cir.), 368 F.2d 313, 315; cf. Wilson v. Gray (9 Cir.), 345 F.2d 282, cert. den. 382 U.S. 919, 86 S.Ct. 288, 15 L.Ed.2d 234.

6. The other so-called "petition", heard with the one to which we have just referred, alleges that the grand jury which

event the district court finds that petitioner did not waive his constitutional right to object to the composition of the juries, the district court may also hear and determine whether in fact the juries were illegally constituted.

indicted petitioner was sworn and impaneled by the Honorable Judge Boldt, "who supposedly was a United States federal judge, but in fact was not", and that the petit jury, which convicted petitioner, was illegal as the Honorable William East "who supposedly was a United States federal judge, but in fact was not, was without authority to act." It is asserted that the two Judges mentioned were unlawfully confirmed by a Senate which contained "an ineligible member, in the female person, of she, Margaret Chase Smith, a woman, was wrongfully selected and elected, * * * as this female person * * * was not eligible for the office of United States Senator," for she was a woman. This claim, just referred to, is not only frivolous but silly. Even if Margaret Chase Smith was not properly eligible to be a United States Senator, the action of the Senate would be fully valid under the doctrine of de facto officials or official bodies. Leary v. United States, 9 Cir., 268 F.2d 623, 627–628; see also Reynolds v. Lentz, 9 Cir., 17 Alaska 154, 243 F.2d 589, cert. den. 354 U.S. 939, 77 S.Ct. 1402, 1 L.Ed.2d 1538.