Anthony **FERNANDEZ**, Appellant,

v.

Raymond W. **MEIER**, Warden, Appellee,

No. 24986.

United States Court of Appeals, Ninth Circuit.

May 28, 1971.

Anthony Fernandez (argued), in pro. per.

John S. Obenour, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Tacoma, Wash., for appellee.

Before JERTBERG, ELY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was convicted in 1962 under various counts of two indictments charging interstate fraud in violation of 18 U.S.C. § 2314. His conviction was affirmed by this Court on March 26, 1964, Fernandez v. United States, 329 F.2d 899 (1964), cert. den. 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed.2d 40.

Following his conviction he was sentenced to terms totaling eleven years and eleven months. In January of 1971, he was released from the penitentiary on parole.

In 1967, appellant filed in the court below petitions denominated by him as ones to set aside and nullify his sentence. These petitions were treated by the district court as being filed under 28 U.S.C. § 2255. In such petitions he contended that the grand and petit juries which indicted and convicted him in 1962, were "illegally and unlawfully founded, arranged and constituted" in that:

"Spanish-American persons legally qualified and eligible for jury service and commissioner selection, residing in the counties * * * which comprise the federal district for Western State of Washington, of the Southern division (in which he was convicted), were systematically and purposely excluded: from original jury roll list, from jury panel, from serving on sitting grand and petit juries."

Petitioner alleged that he was a Spanish-American person, born in the United States, from American naturalized Spanish parents.

The petitions were denied by the district court. On appeal from such orders this Court, by opinion dated March 6, 1969, Fernandez v. Meier, Warden, 408 F.2d 974 (9th Cir. 1969), stated, at page 976:

"The substantive question thus sought to be raised by the appellant upon this appeal is whether, in systematically and purposely excluding from the jury rolls or lists members of a class to which appellant belong, there had been an unconstitutional discrimination against the petitioner."

The Court further stated that since the record before it did not conclusively show a waiver of petitioner's constitutional rights, a hearing was required to ascertain whether, on the facts, there was an intelligent and understanding waiver of constitutional rights. The cause was thereupon remanded to the district court for the purpose of permitting such hearing.

Later, and on June 2, 1969, this Court in denying appellant's petition for rehearing, amended its opinion of March 6, 1969, by adding at the end of the last paragraph thereof, the following:

"In the event the district court finds that petitioner did not waive his constitutional right to object to the composition of the juries, the district court may also hear and determine whether in fact the juries were illegally constituted."

Pursuant to the orders of this Court on remand, the district court conducted an evidentiary hearing on July 22 and 23, 1969. In recitals appearing in the findings of facts and conclusions of law, the appellant was present without counsel, and

"[O]ffered no evidence in support of his petition, either on the merits or as to the waiver of constitutional rights but instead demanded a continuance and release upon bail until he could 'prove his case' by contacting some '100 witnesses' who would testify that they had been residents of the district for numbers of years, were registered voters, had never been called upon a federal jury, and that they were likewise Spanish-American citizens."

The district court denied the request. In our view the district judge acted well within his discretion in denying such request. See n. 2 in Fernandez v. Meier, *supra*, 408 F.2d 974 at 976.

The names of the persons who testified at the evidentiary hearing do not appear in the record before us. In recitals appearing in the findings of fact and conclusions of law it is stated:

"The Clerk of the Court for the Western District of Washington who was one-half of the jury commission at the time alleged was called by the Court and testified in detail as to the manner in which the grand and petit juries were selected at the term of Court when petitioner was indicted and on the trial. Also called were the deputy clerk at Tacoma (in the Southern Division), and others who assisted in the selection of names for the jury panels."

Appellant did not include in the record on appeal the transcript of the testimony taken at the evidentiary hearing as required by Rule 10 of the Federal Rules of Appellate Procedure.

At the time of oral argument appellant requested that there be included in the record on appeal, two documents: (1) a mimeographed document entitled "Resident Population by Selected Race Categories—April 1, 1970." This document appears to have been taken from a publication of the State of Washington. The other document appears to be a copy of the transcript of testimony of one Robert A. Comfort, given at the evidentiary hearing.

We have examined these documents and it appears from the transcript that the witness is the son of the other member of the Jury Commission who participated in the selection of prospective jurors for the term of Court in 1962 which indicted and convicted appellant. The transcript reveals that prior to 1955 the witness assisted his father in the performance of his duties as a member of the Jury Commission. The documents tendered are irrelevant and immaterial, and we decline to make them a part of the record. We will direct the Clerk of this Court to lodge but not file them in his records.

The district judge also considered the transcript of the empanelling of jurors who were finally selected as trial jurors at appellant's trial in 1962.

Following the hearing the district judge made and filed detailed and adequate findings of fact and conclusions of law. In its findings of fact the district court found, *inter alia*:

There was actually no intentional relinquishment or abandonment of petitioner's right to object to the juries for the reason that such was never discussed or considered;

That the jury panels drawn for the terms of court here involved were selected at random from the voting registers of the ten counties comprising the Southern Division of the Western District of Washington in proportion to population, without discrimination;

That the grand and petit juries which indicted and convicted petitioner were in all respects legally constituted and drawn in accordance with the statute in force at the time of the trial in 1962.

The district court concluded that appellant's petitions were without merit.

■ Absent from the record on appeal of the transcript of all of the testimony taken at the evidentiary hearing, appellant is precluded from contending that the findings of fact made by the district judge are not supported by substantial evidence.

The judgment is affirmed.