**Ben HITCHCOCK, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 77–1915.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1978.

Ben Hitchcock, in pro per.

No appearance for U. S.

Before CHAMBERS and WALLACE, Circuit Judges, and BARTELS,* District Judge.

WALLACE, Circuit Judge:

Hitchcock appeals the denial by the district court of his motion for post-conviction relief under 28 U.S.C. § 2255. We find that his claims are not cognizable under section 2255, and we therefore affirm.

### I.

In April of 1971, Hitchcock was a prisoner in the custody of the State of Arizona. He claims that on April 21 he was arrested and searched by agents of the Internal Revenue Service. It does not appear from the scanty record, however, that he was removed from his quarters or the custody of the state prison officials. On June 23, 1971, he was indicted for violating 18 U.S.C. § 287 by making fraudulent income tax refund claims against the United States. Pursuant to a writ of habeas corpus *ad prosequendum* he was taken from state prison on July 12 and brought before a magistrate in connection with those charges. Thereafter he was returned to state custody to await trial. Hitchcock was eventually convicted in federal court on six counts of making fraudulent claims.

On January 31, 1977, Hitchcock filed in the district court a document denominated as a petition for a writ of habeas corpus. Since it was addressed to the same federal court that had sentenced him, the petition was properly treated as a motion under 28 U.S.C. § 2255. *See Fernandez v. Meier*, 408 F.2d 974, 975 (9th Cir. 1969), *aff'd after remand*, 443 F.2d 594, *cert. denied*, 404 U.S. 863, 92 S.Ct. 106, 30 L.Ed.2d 107 (1971). The district court denied the motion.

On appeal, Hitchcock argues that his motion should have been granted for two reasons. First, he claims that the federal indictment against him should have been dismissed under Article IV of the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App., pp. 1395–98 (1976), when, following the execution of the writ of habeas corpus *ad prosequendum*, he was returned to state custody prior to being brought to trial on that indictment. *See generally United States v. Mauro*, —— U.S. ——, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). Second, he asserts that his "arrest" while in prison on April 21 triggered the application of Fed.R.Crim.P. 5(a), requiring that he be brought before a magistrate "without unnecessary delay." Since he did not actually see a magistrate until July 12, he claims that this delay entitles him to post-conviction relief.

### II.

Before reaching the merits of Hitchcock's appeal, we must determine whether the issues he raises are cognizable under 28 U.S.C. § 2255. That statute authorizes post-conviction relief on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." Hitchcock does not claim any constitutional violations, jurisdictional defects, or an excessive sentence; nor does he suggest that his sentence is "otherwise subject to collateral at-

---

* Honorable John R. Bartels, United States District Judge, Eastern District of New York, sitting by designation.

tack." The question is therefore whether his conviction is in violation of the "laws of the United States."

 Despite the apparent breadth of this phrase, the Supreme Court has held that not "every asserted error of law can be raised on a § 2255 motion." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). Indeed, "the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'" *Id.* Thus, for example, "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure. *Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). This is the standard that must be met before we may consider the nonconstitutional issues in this section 2255 proceeding.

### III.

 Neither of Hitchcock's claims rises to the required level of seriousness. The IAD provides prisoners charged with criminal offenses in more than one jurisdiction with significant protections relating to such matters as the timing and their notice of the various proceedings against them. But a violation of the IAD guarantee asserted by Hitchcock here—that he not be returned to state prison following his temporary removal therefrom pursuant to the writ of habeas corpus *ad prosequendum*—falls far short of a "fundamental defect" causing a "complete miscarriage of justice" or of "exceptional circumstances" that might justify section 2255 relief. At least on the facts of this case, we agree with the Second Circuit that "a claim based on a violation of IAD is not within 28 U.S.C. § 2255." *Edwards v. United States*, 564 F.2d 652, 653 (2d Cir. 1977).[1]

 Hitchcock's asserted violation of Fed.R.Crim.P. 5(a) is likewise insufficient to invoke section 2255. Since Hitchcock was not even indicted on federal charges until June 23, 1971, it is not at all certain that he was ever "arrested" when he was confronted by IRS agents on April 21. For all that appears, the IRS investigation never resulted in his custody by the federal government until the very day the *ad prosequendum* writ was executed and he was taken before a magistrate. If so, his allegations of "unnecessary delay" under Rule 5(a) are obviously without merit.

But even if Hitchcock was arrested on April 21, he has failed to allege the requisite miscarriage of justice. Apart from the typical vague and conclusory assertions about lost witnesses, there is no suggestion that any demonstrable prejudice was incurred. Thus, "all that is [alleged] is a failure to comply with the formal requirements of the Rule." *Hill v. United States, supra*, 368 U.S. at 429, 82 S.Ct. at 472. That is insufficient under section 2255.

AFFIRMED.

---

1. Were we to hold otherwise, Hitchcock would still not prevail on the IAD claim. In *United States v. Mauro*, —— U.S. ——, 98 S.Ct. 1834, 56 L.Ed.2d 239 (1978), the Supreme Court held that the protections of the IAD are not triggered when a state prisoner is taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* relative to federal charges, then returned to state prison before his trial on those charges.