UNITED STATES of America,
Plaintiff-Appellee,

v.

Lewis Lee BONIFACE,
Defendant-Appellant.

No. 78–1956.

United States Court of Appeals,
Ninth Circuit.

May 14, 1979.

Rehearing Denied Aug. 17, 1979.

---

Lewis L. Boniface, pro se.

William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHOY and ANDERSON, Circuit Judges, and INGRAM,* District Judge.

CHOY, Circuit Judge:

Petitioner Lewis Lee Boniface appeals from the denial of his motion to vacate conviction and sentence under 28 U.S.C. § 2255. We affirm.

## I. *Statement of the case*

Petitioner Boniface and others were indicted by a federal grand jury on charges of conspiracy, making a destructive device, possessing a destructive device, damaging and destroying property, and aiding and abetting. Counsel was appointed for petitioner and he entered a plea of not guilty on all counts. Trial was set for May 20, 1975.

On May 19, 1975, Boniface changed his plea to guilty as to count seven of the indictment in return for dismissal of the other thirteen counts. He was sentenced to ten years imprisonment on count seven.

On February 3, 1978, Boniface filed his motion to vacate conviction and sentence under 28 U.S.C. § 2255. A month later he filed for a writ of habeas corpus under 28 U.S.C. § 2243, which was denied four days later. The district court also denied the § 2255 petition. This appeal followed.[1]

## II. *The § 2255 proceeding*

Boniface first attacks the manner in which the § 2255 proceedings were conducted. In this regard he makes three claims.

### A. *Time limits for a § 2255 motion*

■ Boniface claims that it was error for the district court not to order the Govern-

ment to respond to his § 2255 petition until 18 days after receiving it and then to allow the Government 30 days to respond. The Advisory Committee on the rules governing § 2255 petitions has stated:

> Unlike the habeas corpus statutes (see 28 U.S.C. §§ 2243, 2248) § 2255 does not specifically call for a return or answer by the United States Attorney or set any time limits as to when one must be submitted.

Rather, the court is given discretion to require a response and to set a time for any response. Rule 4 of the Rules Governing Section 2255 Proceedings & Advisory Committee Note; *see* Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Proceedings. The district court acted well within its discretion in setting the time limits for the Government's response in this case. Moreover, any delay was harmless in that Boniface was not prejudiced because it took the district court a little longer to deny his application.

### B. *Lack of hearing*

■ Boniface also claims that the district court erred in not holding a hearing on his motion. This court has stated:

> Denial of a § 2255 motion without an evidentiary hearing is proper only if the motion, files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

*Dukes v. United States*, 492 F.2d 1187, 1188 (9th Cir. 1974); *see Farrow v. United States*, 580 F.2d 1339, 1352–54 (9th Cir. 1978) (en banc). We agree with the district court that the papers conclusively showed that Boniface was not entitled to relief.

### C. *Government's response to § 2255 petition*

■ Boniface contends that the Government's response to his petition fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure and therefore his

---

* The Honorable William A. Ingram, U. S. District Judge for the Northern District of California, sitting by designation.

1. Boniface appeals from the denial of the § 2255 petition only.

allegations must be deemed accepted and his application must be granted. However, under Rule 5 of the *§ 2255* rules which were recently enacted by Congress, the respondent's papers need only "respond to the allegations of the motion." Rule 5(a). Having reviewed the Government's response, we conclude that it satisfies this requirement.

## III. *The Merits of the § 2255 petition*

Boniface next argues that the district court erred in failing to grant his § 2255 petition on its merits. Three grounds for relief were presented in the petition.

### A. *Ineffectiveness of counsel*

Boniface first contends that he was denied the effective assistance of counsel.[2] He argues that counsel was ineffective because counsel (1) coerced him into making the plea, (2) advised him to make the plea mistakenly believing it to carry a maximum sentence of five years, (3) misrepresented the plea agreement to him, and (4) was not vigorous enough in representing him.

### 1. *Coercion*

■ Boniface urges that his counsel "coerced" him into pleading guilty by noting that he faced up to 140 years in prison if he was found guilty on all counts and sentenced consecutively. However, a careful review of the transcript of the plea hearing reveals that the trial court made an assiduous and thorough inquiry to satisfy itself that Boniface had been informed about all relevant matters and that his plea was voluntary. We therefore find Boniface's coercion contention meritless.

### 2. *Mistaken advice*

■ Boniface points out that, after sentencing, his attorney acknowledged to the court that he had suggested Boniface plead guilty to count seven while under the misapprehension that count seven carried a maximum sentence of five years. How-

ever, the record conclusively shows that Boniface was informed that the court was not bound by the Government's recommendation of a five-year sentence at and before the time his plea was entered. Under such circumstances, a plea of guilty is not vitiated by the claim that counsel erred in his advice. *See United States v. Edmo*, 456 F.2d 240, 242 (9th Cir. 1972); *United States v. Crank*, 438 F.2d 635, 637 (9th Cir. 1971). Thus, this argument must fail as a ground for § 2255 relief.

### 3. *Misrepresentation of plea agreement*

■ Boniface also contends that he pleaded guilty only because his counsel led him to believe that a plea agreement had been made with the Government whereby he would receive only a five-year sentence.

In *Farrow v. United States*, the defendant claimed ineffectiveness of counsel where he received a sentence longer than that allegedly promised by counsel. This court wrote:

> [T]he judge asked appellant personally whether he understood that *despite* his counsel's indication that the court would not sentence him in excess of *ten* years, the court was not bound by this and could impose a *greater* sentence. Appellant clearly stated under oath that he understood and accepted this.

580 F.2d at 1362 (emphasis in original). We held that the record disproved the defendant's misrepresentation claim.

The record in this case clearly indicates that the court informed Boniface that it was not bound to accept the Government's recommendation of five years. Moreover, Boniface's attorney filed an affidavit stating that Boniface understood that there was no guarantee of five years. Therefore, under *Farrow*, the misrepresentation claim is without merit.

### 4. *Vigorous representation*

■ Boniface argues that his attorney lacked sufficient vigor in preparing his defense. Specifically, he alleges that counsel

---

**2.** We assume without deciding, that Boniface's ineffectiveness of counsel claim is one meeting the standards announced in *Davis v. United*

*States*, 417 U.S. 333, 342–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). *See* note 3 *infra*.

did not interview witnesses and did not carefully consider possible defenses.

This court has recently stated en banc that a challenge based upon ineffectiveness of counsel can succeed only when "counsel's errors or omissions . . . reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney . . . ." *Cooper v. Fitzharris*, 586 F.2d 1325, 1330 (9th Cir. 1978) (en banc). Because Boniface has not shown that his attorney acted unreasonably, we reject his claim that counsel was not vigorous enough in representing him.

### B. *Alleged violation of Interstate Agreement on Detainers*

■ Boniface claims that under the Interstate Agreement on Detainers (IAD), 18 U.S.C. App., the federal charges are void because the Government removed him from state custody and then returned him there prior to resolution of those federal charges. *See* IAD, Art. IV(e). Recently, however, we held that

> a violation of the IAD guarantee . . . that [a prisoner] not be returned to state prison following his temporary removal therefrom pursuant to the writ of habeas corpus *ad prosequendum* . . . falls far short of a "fundamental defect" causing a "complete miscarriage of justice" or of "exceptional circumstances" that might justify section 2255 relief.

**3.** In *Hitchcock* we also noted in *dicta* that no detainer had been placed against the defendant and therefore the protections of the IAD were not implicated. While Boniface claims that a detainer was placed against him which implicated the IAD, *Hitchcock* means that Boniface's claim cannot be raised in this § 2255 proceeding even if it might have been viable if raised at trial or upon direct appeal.

**4.** In a § 2255 proceeding, a violation of the laws of the United States is cognizable only when the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or where "exceptional circumstances" warrant allowing a collateral challenge. *Davis v. United States*, 417 U.S. 333, 342–47, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

We have held that at least some violations of Rule 11 are cognizable in § 2255 proceedings. *See Bunker v. Wise*, 550 F.2d 1155, 1156–57

*Hitchcock v. United States*, 580 F.2d 964, 966 (9th Cir. 1978). Thus, assuming *arguendo* that Boniface could show a violation of the IAD,[3] this claim is not cognizable in this proceeding for § 2255 relief.

### C. *Rule 11 claim*

■ Finally, Boniface contends that the district court's acceptance of his guilty plea violated Rule 11 of the Federal Rules of Criminal Procedure.[4] He alleges that the district court did not follow the provisions of Rule 11(e)(4). Rule 11(e)(4) states that the district court shall "afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea . . . the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement." Rule 11(e)(4) applies only when the court *rejects* the plea agreement. In this case, the court *accepted* the plea agreement and the applicable rule is therefore Rule 11(e)(3) which states that "the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." We conclude that the judge complied with these procedures.

### IV. *Conclusion*

Having disposed of each of Boniface's assertions of error, we AFFIRM the district court's denial of his § 2255 petition.

(9th Cir. 1977); *United States v. Harris*, 534 F.2d 141, 141–42 (9th Cir. 1976). Other courts have indicated that not all violations of Rule 11 are fundamental or create exceptional circumstances which allow a petitioner to assert them under § 2255. *See, e.g., United States v. White*, 572 F.2d 1007, 1009 (4th Cir. 1978); *Del Vecchio v. United States*, 556 F.2d 106, 110–11 (2nd Cir. 1977); *United States v. Hamilton*, 553 F.2d 63, 64–66 (10th Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977); *McRae v. United States*, 540 F.2d 943, 945–47 (8th Cir. 1976), *cert. denied*, 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977); *Bachner v. United States*, 517 F.2d 589, 594–95 (7th Cir. 1975).

Because Boniface's Rule 11 claims are frivolous, we do not believe that this is an appropriate case in which to decide what Rule 11 claims are cognizable under § 2255. Hence, we assume *arguendo* that his Rule 11 claims meet the *Davis* requirements.