**UNITED STATES of America**

v.

**James Melvin BOYCE, a/k/a "Smiley".**

**Crim. A. No. 79–2–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

June 9, 1981.

John F. Kane, Asst. U. S. Atty., Norfolk, Va., for the United States.

Panos Andrew Yeapanis, Newport News, Va., Richard G. Brydges, Virginia Beach, Va., for defendant.

## ORDER

KELLAM, Senior District Judge.

James M. Boyce, a federal prisoner convicted in 1979 in this Court of defrauding a federally insured bank under a three-count indictment charging violation of 18 U.S.C. §§ 371, 1005, and 2113(b), applies under 28 U.S.C. § 2255 for vacation of his sentence of five years. He submits that the judgment against him violated a law of the United States, namely, Article IV(e) of the *Interstate Agreement on Detainers*, 18 U.S.C. app. The United States is a party to that act. Art. II(a).

Art. IV(e) of the agreement requires the dismissal of a federal indictment against a prisoner who is obtained from state custody while under a federal detainer if he is returned to state custody without first being tried on the indictment underlying the detainer. Art. IV(e) reads:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

This restriction applies to the United States just as it does to any other party to the Agreement, the latter class comprising the signatory states among the fifty states of the Union. *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). Boyce alleges that he was taken out of Virginia state custody for his federal arraignment, put back in state custody, and later taken out again for trial. He alleges that he had a federal detainer on him lodged with state officials, but he does not say when the detainer was lodged. That date is critically important.

The Court's record and the public records of the United States marshal for this District both show that on January 8, 1979, a federal grand jury indicted Boyce for the offenses at issue here, that on January 11 a federal summons was served on Boyce at his place of state imprisonment at the Norfolk, Virginia city jail, commanding his appearance for arraignment on January 18, that on January 17 the marshal served a court-ordered writ of habeas corpus ad prosequendum on the sheriff of the City of Norfolk commanding him to render Boyce to the marshal on January 18 for his arraignment, that on January 18 Boyce was received by the marshal and arraigned, and that on the same day the marshal returned Boyce to the Norfolk city jail and to state custody. On January 19, the Court commanded the marshal to execute a bench warrant for Boyce's arrest, apparently preparing for Boyce's impending release from state custody. The marshal did not execute the warrant but did, on the 19th, lodge a detainer on Boyce with Virginia authorities. On March 1, Boyce, who had since been taken to the Virginia Beach, Virginia jail by the Commonwealth, was released by the state and given over to the United States marshal. On the same day, Boyce posted bond on the federal charges and was released by the marshal. On March 12, he appeared for trial and was found guilty. He was continued on the same bond until sentenced on April 4, when he was required to and did post a higher amount. He unsuccessfully appealed, 4th Cir., 611 F.2d 530, and made a timely appearance at Allenwood, Pennsylvania, to serve his sentence.

The detainer was not lodged until January 19. On March 1, its terms were met when the Commonwealth released Boyce for good unto the United States marshal. In between those dates, Boyce was never withdrawn and returned to the state by the

federal government. Therefore Art. IV(e) was not violated. If Boyce were to contend that the writ of habeas corpus ad prosequendum served on January 17 and obeyed by the sheriff of Norfolk on January 18 constituted a detainer under the Act, the Supreme Court has decided that issue against him. *United States v. Mauro, supra. Accord, United States v. Ricketson,* 498 F.2d 367 (7th Cir. 1974), *cert. denied,* 419 U.S. 965, 95 S.Ct. 227, 42 L.Ed.2d 180 (1974) (furthermore, service and execution of a writ of habeas corpus ad prosequendum does not for purposes of Art. IV(e) in any way anticipate a detainer later filed); *Shanks v. Commonwealth,* 574 S.W.2d 688 (Ky.App.1978).

Even if Boyce could show that the federal government violated the Act by returning him to state custody before resolving its charges against him here, this Court is of the opinion that such error would not entitle him to § 2255 relief because it falls short of a fundamental defect causing a complete miscarriage of justice or of other exceptional circumstances. Of the same opinion are *Hitchcock v. United States,* 580 F.2d 964 (9th Cir. 1978); *United States v. Boniface,* 601 F.2d 390 (9th Cir. 1979); *United States v. Chico,* 558 F.2d 1047 (2d Cir. 1977) (Art. IV(e) does not apply to a case where a prisoner is removed from state prison for a few hours to be arraigned in federal court without ever being held for any further time at any place of imprisonment other than the state prison and without interruption of his rehabilitation there), *cert. denied,* 436 U.S. 947, 98 S.Ct. 2850, 56 L.Ed.2d 788 (1978).

The petition is DENIED and DISMISSED. Petitioner may appeal *in forma pauperis* by filing notice of such intention with the Clerk of this Court at Norfolk, Virginia, within 60 days from this date and following the procedure prescribed by law.

Copy of this Order is forwarded to petitioner and to the United States Attorney for this District at Norfolk.