Kevin ROBERSON, Plaintiff–
Appellant,

v.

J.M. BRIDDLE; et al., Defendants–
Appellees.

No. 06–15039.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 16, 2007.

See also, 2005 WL 1366516.

Kevin Roberson, Delano, CA, pro se.

Dayton Van Vranken Longyear, Esq., Jennifer Marquez, Esq., Longyear, O'Dea & Lavra, LLP, Sacramento, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Kevin Roberson appeals pro se following a jury verdict in favor of defendants in Roberson's 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment and negligence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Roberson challenges the jury verdict as having no reasonable support in fact and contrary to the law. "[T]o preserve the ability to challenge the sufficiency of the evidence on appeal, a party must [first] move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) at the close of all evidence." *Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 923 (9th Cir.2001). Because Roberson did not make his motion until after the jury returned its verdict, judgment as a matter of law was unavailable and was thus properly denied. *Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 886–887 (9th Cir.2002). Even if we were to consider the claim on the merits, there is sufficient evidence to support the jury verdict.

Roberson next argues that the district court erred by not allowing him to impeach the defendants' credibility by questioning them regarding the circumstances of their termination from the California Department of Corrections. We review evidentiary rulings for an abuse of discretion. *Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927–28 (9th Cir.2000). The events allegedly giving rise to the defendants' termination occurred over three years after Roberson's injury and were unrelated to the defendants' duties as correctional officers. It was well within the district court's "wide latitude" in applying Federal Rule of Evidence 403 to determine that the probative value of this collateral employment issue was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir.1992).

Roberson also contends that the district court erred in not granting his peremptory challenge of Juror # 5. The record shows that Roberson used all three of the peremptory challenges afforded him by 28 U.S.C. § 1870. By not objecting to the constitution of the jury prior to trial, Roberson waived his argument. *See Fernandez v. Meier,* 408 F.2d 974, 976 (9th Cir.1969). He now argues that he did object and that the objection was erroneously omitted from the transcript. However, a court reporter's transcript is presumed to be accurate, *Abatino v. United States,* 750 F.2d 1442, 1445 (9th Cir.1985); 28 U.S.C. § 753, and we "may not consider facts or matters which are not contained in the official record." *United States v. Zammiello,* 432 F.2d 72, 73 (9th Cir.1970).

Roberson's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.