Edgar J. GREATHOUSE,
Plaintiff-Appellant,

v.

UNITED STATES, Defendant-Appellee.

No. 80–1615.

United States Court of Appeals,
Tenth Circuit.

Submitted June 30, 1981.

Decided Aug. 5, 1981.

Edgar J. Greathouse, pro se.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant seeks review of the denial of his motion to set aside four federal convictions allegedly obtained in violation of the Interstate Agreement on Detainers Act, 18 U.S.C. App., pp. 1395–1398 (IADA). Despite certain defects in the pleadings, the district court considered the matter as a motion to vacate sentence under 28 U.S.C. § 2255.

As we read the motion, appellant, who at the time this action was filed was a Missouri state prisoner, was convicted in the United States District Court for the District of Kansas of four federal offenses in 1976. An appeal was taken from one of these. *United States v. Greathouse*, Unpublished No. 76–1806 (10th Cir. filed May 2, 1977), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2984, 53 L.Ed.2d 1098 (1977).

Appellant claims that on numerous occasions in connection with these four convictions he was transferred from Missouri to Kansas and returned to Missouri without having had all the federal criminal proceedings concluded, in violation of the IADA, Article IV(e), which reads:

> If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment . . . such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

The facts surrounding the alleged violation cannot be gleaned with certainty based on the record in this case. If no

**1034**

detainer was lodged with Missouri authorities prior to appellant's various transfers to Kansas by way of writs of habeas corpus ad prosequendum, there was no violation of the IADA. *United States v. Mauro,* 436 U.S. 340, 361, 98 S.Ct. 1834, 1847, 56 L.Ed.2d 329 (1978); *United States v. Marzgliano,* 588 F.2d 395 (3d Cir. 1978); *United States v. Gravitt,* 590 F.2d 123 (5th Cir. 1979). If, as appellant claims, a detainer was lodged *prior* to the use of the ad prosequendum writ to obtain his presence in Kansas, the subsequent use of the writ constitutes a "written request for temporary custody" under the IADA. *United States v. Mauro,* 436 U.S. at 362, 98 S.Ct. at 1848.

However, *Mauro* has consistently been held not retroactive. *Brown v. Mitchell,* 598 F.2d 835 (4th Cir. 1979), *cert. denied,* 444 U.S. 916, 100 S.Ct. 1849, 64 L.Ed.2d 270 (1980); *United States v. Williams,* 615 F.2d 585 (3d Cir. 1980); *United States v. Hill,* 622 F.2d 900, 905 (5th Cir. 1980).

■ Furthermore, rights created by the IADA are statutory, not fundamental, constitutional, or jurisdictional in nature. *See, e. g., Mars v. United States,* 615 F.2d 704, 706–707 (6th Cir.), *cert. denied,* 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980); *United States v. Black,* 609 F.2d 1330, 1334 (9th Cir. 1979), *cert. denied,* 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed.2d 56 (1980); *Camp v. United States,* 587 F.2d 397 (8th Cir. 1978); *United States v. Palmer,* 574 F.2d 164 (3d Cir.), *cert. denied,* 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978). Absent special circumstances, violations of the IADA are not grounds for collateral attack on a federal conviction and sentence under § 2255. *Huff v. United States,* 599 F.2d 860 (8th Cir.), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979); *United States v. Boniface,* 601 F.2d 390, 394 (9th Cir. 1979); *Hitchcock v. United States,* 580 F.2d 964 (9th Cir. 1978); *Edwards v. United States,* 564 F.2d 652 (2d Cir. 1977).

The judgment of the district court is affirmed. The mandate shall issue forthwith.