Ray Lamar KNOX, Petitioner–Appellant,

v.

WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN, aka Duane Shillinger, and Wyoming Attorney General, Respondents–Appellees.

No. 94–8023.

United States Court of Appeals, Tenth Circuit.

Sept. 6, 1994.

Ray Lamar Knox, pro se.

Paul S. Rehurek, Sr. Asst. Atty. Gen., Cheyenne, WY, for respondents-appellees.

Before LOGAN, SETH and BARRETT, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner Ray Lamar Knox appeals the Fed.R.Civ.P. 12(b)(6) dismissal of his 28 U.S.C. § 2254 habeas petition for failure to state a cognizable claim.[1] This appeal involves issues not fully resolved in *Reed v. Farley,* —— U.S. ——, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994), under the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. § 2.[2]

I

In 1989, petitioner was serving a sentence in federal prison at Leavenworth, Kansas. The IAD establishes procedures for temporarily transferring a prisoner incarcerated in one jurisdiction to the custody of another jurisdiction so that criminal charges pending in the receiving jurisdiction may be resolved. Wyoming availed itself of these procedures in the summer of 1989, seeking the transfer of petitioner for a retrial on conspiracy to commit murder charges following the reversal of an earlier conviction by the Wyoming Supreme Court.

Within a week of the supreme court's reversal petitioner and his codefendant filed a motion seeking the disqualification of the original trial judge. About three months later, and still before petitioner's transfer to Wyoming, petitioner filed numerous pre-trial motions—including motions to dismiss for prosecutorial misconduct, to suppress evidence, to change venue, to sever his retrial from that of his codefendant, and for discovery. Soon after the filing of these motions, the Wyoming state court judge recused himself as petitioner and his codefendant had requested. The new judge vacated previously scheduled dates for a hearing on motions and commencement of trial; but within two weeks, and on the day that petitioner arrived in Wyoming, December 1, 1989, the new judge issued a schedule for filing of motions, responses, and replies. A week later, petitioner filed another suppression motion. Both parties thereafter filed briefs in compliance with the trial judge's order. On January 25, 1990, the judge mailed a letter to the parties announcing his disposition of the various motions, and on February 7, formalized his decision in a court order.

Two weeks later, the judge notified petitioner's counsel that the codefendant had filed a motion for dismissal, and suggesting that petitioner file a similar dismissal motion if he so intended. On March 1, petitioner responded by filing a motion to dismiss on the grounds that petitioner's trial would not commence within the 120–day period set forth in the IAD, Art. IV(c). The accompanying brief stated that petitioner would not waive his right to be tried within 120 days; but by a March 8 letter to the judge counsel for petitioner asked the judge to defer ruling on the motion until after March 30 when it would be "ripe" by the termination of the 120–day period of the IAD. A formal order denying this motion was entered May 14, 1990, three days after petitioner entered a plea agreement with the state. The plea agreement preserved petitioner's right to

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. This case has a lengthy decisional and procedural history which is not directly relevant to the issues now before us. More detailed factual statements can be found in *Knox v. State,* 848 P.2d 1354, 1355–56 (Wyo.1993), and *Jones v. State,* 777 P.2d 54, 56–57 (Wyo.1989). Having once filed prematurely for habeas relief in federal court, *Knox v. Wyoming,* 959 F.2d 866 (10th Cir.1992), petitioner has now fully exhausted his state appeals and post-conviction remedies.

challenge on appeal any IAD violation occurring before that day.[3]

Petitioner was incarcerated for 162 days between his arrival in Wyoming on December 1, 1989, and his plea bargain on May 11, 1990. This exceeds the 120 days specified in Article IV(c) of the IAD if the time is counted without exclusions. *See United States v. Hill,* 622 F.2d 900, 905 n. 9 (5th Cir.1980) (entry of a plea bargain commences "trial" and ends the running of Article IV(c)'s 120-day clock). On appeal the Wyoming Supreme Court rejected petitioner's IAD violation claim, holding that the 120-day period was tolled because of petitioner's numerous pretrial motions. *Knox v. State,* 848 P.2d 1354, 1358–59 (Wyo.1993).

## II

Petitioner, as a state prisoner, may obtain federal habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or *laws* or treaties *of the United States.*" 28 U.S.C. § 2254(a) (emphasis added). The IAD is a compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. *See Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985). Adopted as law by the State of Wyoming, *see* Wyo.Stat.Ann. § 7–15–101, the IAD is a "congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Carchman,* 473 U.S. at 719, 105 S.Ct. at 3403.

Article VI of the IAD provides:

In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

This provision explicitly permits tolling of the 120-day limitation in certain circumstances.

Several circuits have concluded that the Article VI phrase "unable to stand trial" excludes from consideration all periods of delay attributable to the prisoner including the time between filing and ruling upon most pretrial defense motions. *See, e.g., United States v. Johnson,* 953 F.2d 1167, 1172 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 226, 121 L.Ed.2d 163 (1992); *United States v. Nesbitt,* 852 F.2d 1502, 1516 (7th Cir.1988), *cert. denied,* 488 U.S. 1015, 109 S.Ct. 808, 102 L.Ed.2d 798 (1989); *United States v. Taylor,* 861 F.2d 316, 321–22 (1st Cir.1988); *United States v. Scheer,* 729 F.2d 164, 168 (2d Cir. 1984); *United States v. Hines,* 717 F.2d 1481, 1486–87 (4th Cir.1983), *cert. denied,* 467 U.S. 1214, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984). Other circuits hold that a prisoner is only "unable to stand trial" when he or she is physically or mentally debilitated and that Article VI is not intended to toll the IAD clock automatically when pretrial defense motions are filed. *See Birdwell v. Skeen,* 983 F.2d 1332, 1340–42 (5th Cir.1993); *Stroble v. Anderson,* 587 F.2d 830, 838–39 (6th Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979).

In the case before us, it appears neither the judge nor the prosecutors regarded petitioner's IAD Art. IV(c) motion seriously, apparently because they believed the 120-day clock had been tolled. Petitioner raised in the Wyoming trial court a claim of violation of the IAD Art. IV(c) in a motion filed thirty days before the end of the 120-day period, and at a time when no trial date had yet been set. The supporting brief registered objection to what petitioner's counsel deemed the trial judge's requirement that he "pre-file" such a motion—an apparent objection to being required to bring the 120-day limitation to the attention of the judge. I.R. tab 6, Brief in Support of Motion to Dismiss at 1. That brief specifically objected to any trial setting beyond the 120-day limit. *Id.* at 10. The judge responded that counsel had "not been *required* to 'pre-file' anything," and

---

3. The terms of petitioner's plea bargain, preserving the IAD claims presently before us and waiving any prospective IAD–related claims that might arise in these matters following the date of his plea in May 1990, are unchallenged. Although there is some question as to the legality of

any such conditional plea under the then-existing Wyoming state law, *see Knox,* 848 P.2d at 1357, for purposes of this appeal we will assume that the terms of the May plea agreement are binding on all parties.

asked counsel to say whether he wanted the judge to consider the motion "at this time." *Id.* Letter of March 5, 1990. In response counsel for petitioner requested the judge to wait before deciding the motion until after March 30, when the 120 days would have run and the motion would be "ripe" for consideration. *Id.* Letter of March 8, 1990.

No effort is apparent in the record to set the trial before March 30. The record contains a brief order from the state district court dismissing petitioner's IAD claim but providing no legal analysis. However, the state court's lengthy ruling, dated March 20, 1990, dealing with a similar motion by the codefendant is in the record. The judge held in that case that the codefendant's pretrial motions tolled the time limitation under the IAD Art. IV(c).

In the habeas action now before us, the federal district court did not take a position on the tolling issue. Rather, it concluded that our decision, *Greathouse v. United States,* 655 F.2d 1032 (10th Cir.1981), *cert. denied,* 455 U.S. 926, 102 S.Ct. 1289, 71 L.Ed.2d 469 (1982), precludes *any* cognizable § 2254 petition based on an alleged IAD violation. That is not accurate. In *Greathouse,* which was a 28 U.S.C. § 2255 case dealing with a federal prisoner's rights, we acknowledged that the "rights created by the [IAD] are statutory, not fundamental, constitutional, or jurisdictional in nature," 655 F.2d at 1034, but concluded that an IAD violation might be "grounds for collateral attack on a federal conviction and sentence under § 2255" if "special circumstances" existed in a particular case. *Id.*

Because " '§ 2255 was intended to mirror § 2254 in operative effect,' " at least when alleged statutory violations are the source of a petitioner's collateral attack, *Reed,* —— U.S. at ——, 114 S.Ct. at 2299 (quoting *Davis v. United States,* 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)), the *Greathouse* "special circumstances" test is applicable to the § 2254 case before us, if it is

consistent with *Reed.* We must determine *Reed's* impact on the application of the *Greathouse* test to the instant case. *Reed* was a § 2254 case similar to the appeal before us, except the Court found that the petitioner did not register a specific objection to the trial date being set beyond the 120-day time limit of IAD Art. IV(c) until after that time had run. *Reed* held that in such circumstances if petitioner "suffered no prejudice attributable to the delayed commencement," —— U.S. at ——, 114 S.Ct. at 2294, the state's failure to observe the 120-day rule was not cognizable in a habeas proceeding. Of course, in the case before us petitioner did raise the 120-day IAD issue thirty days before it expired and before a trial date had been set.

We first note that *Reed* could have decided the tolling issue, because it appears that the district court relied upon the filing of numerous defense motions and a tolling analysis. —— U.S. at —— – ——, 114 S.Ct. at 2295–96. Instead the plurality opinion [4] cited and relied upon *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); and *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), for the proposition that federal habeas is available only when errors qualify as fundamental defects resulting in a complete miscarriage of justice or omissions inconsistent with demands of fair procedure. We believe the Court's analysis in *Reed* supports our ruling in *Greathouse* that only "special circumstances" permit collateral attack for violations of the IAD. Therefore, we need not take a position on the tolling issue. Even assuming the clock was never tolled, this particular case does not present the "special circumstances" required to state a cognizable habeas claim under *Greathouse.*

Here, in response to a recusal motion by the petitioner, there was a change in state court trial judges just two weeks before petitioner's arrival in Wyoming pursuant to the

---

4. The four dissenting justices in *Reed* would apparently require dismissal of the state charge in the case before us, applying literally the 120-day limitation. The two concurring justices would not allow federal habeas review of this "technical rule," —— U.S. at ——, 114 S.Ct. at 2302 (Scalia, J., concurring in the judgment), especially when, as here, the issue had been litigated in the state courts.

IAD request. Petitioner should not be punished for seeking the disqualification of the trial judge; on the other hand, it is quite predictable that a new judge unfamiliar with the facts, issues, parties, and attorneys in this murder trial would reasonably require some additional time to set a schedule and get up to speed before ruling on the important pretrial motions filed by petitioner. Among petitioner's pretrial motions that required scrutiny was one for dismissal for prosecutorial misconduct and another for severance from the trial of a codefendant. The latter motion was granted, and notably, the codefendant was tried separately and convicted of a more onerous crime than that to which petitioner ultimately pleaded guilty.

The circumstances of this case do not describe any prejudicial error that qualifies as " 'a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Reed,* —— U.S. at ——, 114 S.Ct. at 2297 (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). We therefore agree with the district court's judgment that this § 2254 habeas petition be dismissed for failure to state a claim.

AFFIRMED.