**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHERMAN WOODROW DOBSON,

Petitioner-Appellant,

v.

G. L. HERSHBERGER, Warden and
ATTORNEY GENERAL OF THE
DISTRICT OF COLUMBIA,

Respondents-Appellees.

No. 97-1021
(D.C. No. 96-M-1860)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Dobson, a pro se prisoner, appeals from the district court order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

While Mr. Dobson was awaiting trial in Maryland for unrelated criminal charges, the District of Columbia filed several detainers with Maryland officials seeking his transfer to stand trial there. After Mr. Dobson's conviction in Maryland, a final detainer was issued to Maryland officials at the Maryland State Penitentiary. Mr. Dobson's transfer was effected under the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. app. § 2.

Article IV(a) of the IAD calls for a thirty-day period between when the detainer is lodged and when the transfer is made. The Uniform Criminal Extradition Act (UCEA), Md. Ann. Code art. 41, § 2-210, further requires a hearing before the transfer can be made. See Cuyler v. Adams, 449 U.S. 433, 448 (1981) (the IAD incorporates the pre-transfer hearing requirement of the UCEA in those states that have adopted it). Mr. Dobson received no pre-transfer hearing and he was transferred to the District of Columbia eighteen days after the final detainer was issued. See Dobson v. United States, 449 A.2d 1082, 1084 (D.C. 1982) (reviewing history of the case).

In the District of Columbia, Mr. Dobson was tried on several counts for which he moved to sever offenses, which ultimately resulted in three separate

trials. The first of these trials was held within the 120-day period required by Article IV(c) of the IAD. However the remaining two were not held until significantly after this period. See id. After his conviction and appeal, the District of Columbia Court of Appeals affirmed the Superior Court's ruling that the IAD was not violated. See id. at 1086-87.

Mr. Dobson is currently serving his District of Columbia sentence in a federal facility in Colorado under the custody of the Bureau of Prisons. Mr. Dobson petitioned the District Court in Colorado for a writ of habeas corpus challenging the District of Columbia conviction and the applicability of The Prison Litigation Reform Act (PLRA) of 1995, 28 U.S.C. § 1915(b)(1), to habeas corpus actions. The petition was referred to a federal magistrate judge who recommended the matter be transferred to the district court of the District of Columbia.

Acknowledging the question of jurisdiction, the district court dismissed the action for lack of merit, finding the IAD violations uncognizable for habeas corpus relief absent a showing of prejudice resulting from the violations. The district court found the PLRA applicable to habeas corpus actions and allowed Mr. Dobson's application to proceed without prepayment of fees but obligated him to pay the required filing fees in monthly installments. During the course of this appeal, we held that the PLRA does not apply to habeas corpus proceedings.

See United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). The issue before us then is whether these IAD violations are worthy of habeas corpus relief.

In Reed v. Farley, 512 U.S. 339 (1994), the Supreme Court held that a failure to observe the speedy trial requirement of Article IV(c) of the IAD is uncognizable in a habeas corpus proceeding when the defendant "suffered no prejudice attributable to the delayed commencement." Id. at 352. This circuit follows this approach in habeas corpus actions by requiring a showing of "special circumstances" that drive the IAD violations to a level of depriving the defendant of some constitutionally protected right. See Knox v. Wyoming Dep't of Corrections State Penitentiary Warden, 34 F.3d 964, 967 (10th Cir. 1994) ("only 'special circumstances' permit collateral attack for violations of the IAD"), cert. denied, 513 U.S. 1091 (1995).

Even assuming the IAD was violated, a question that need not be answered, there is no showing in the record of any prejudice during Mr. Dobson's trial or sentencing due to the IAD violations. Mr. Dobson incorrectly asserts that the required showing of prejudice as a result of IAD violations under collateral review is only necessary if the issue was not raised at trial. For any application for collateral review, a certificate of appealability will only be issued if "applicant has made a substantial showing of the denial of a constitutional right." See Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996), cert. denied, 117 S. Ct.

746 (1997).  Without a showing of actual prejudice resulting from these violations, the violations by themselves do not rise to a constitutional deprivation. See <u>Knox</u>, 34 F.3d at 968.

The certificate of appealability is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge