**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTOINE D. ROBINSON,

    Defendant - Appellant.

No. 06-7080

E.D. Okla.

(D.C. No. CIV-05-276-RAW)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY,
GRANTING MOTION TO WITHDRAW, AND
DISMISSING APPLICATION**

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Antoine Dwayne Robinson, a federal prisoner appearing *in forma pauperis*,
filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside or correct his
sentence.[1] The district court denied the motion. Robinson's appointed counsel
filed a notice of appeal with the district court and an *Anders* brief with this Court,
which we deem an application for a Certificate of Appealability (COA).[2] *See* 28

---

[1] Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka,
Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] "If an applicant files a notice of appeal, the district judge who rendered
the judgment must either issue a certificate of appealability or state why a
certificate should not issue." Fed. R. App. P. 22(b)(1). The district court did not
act on Robinson's constructive request for a COA. Pursuant to 10th Circuit Rule

U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1) & (2). Because Robinson has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the application.

On March 30, 2004, Robinson pled guilty to: (1) interference with commerce by robbery in violation of 18 U.S.C. § 1951; (2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). On June 25, 2004, he was sentenced as a career offender to a total of 324 months imprisonment. Robinson did not directly appeal his conviction or sentence.

In December 2004, Robinson sent a letter to the district court asserting his defense attorney had failed to file an appeal on his behalf despite being requested to do so and seeking to file an appeal out of time. The district court denied his request to appeal out of time and advised Robinson the proper procedure was to file a 28 U.S.C. § 2255 motion. Subsequently, Robinson filed a pro se § 2255 motion asserting three claims: (1) he received ineffective assistance of counsel based on counsel's failure to perfect an appeal after being advised to do so; (2) ineffective assistance of counsel based on counsel's failure to advise him of the effects of his guilty plea, in particular, that he may be sentenced as a career offender; and (3) the district court erred in relying on the presentence report's

22.1(C), a COA is deemed denied if the district court does not issue a COA within thirty days from the filing of the notice of appeal.

allegations that his prior conviction for terrorist threats in California qualified as a felony crime of violence under USSG §4B1.1, the career offender guideline.

The district court referred Robinson's motion to a magistrate judge for an evidentiary hearing and appointed new counsel to represent him at the hearing. After the hearing, the magistrate judge recommended Robinson's § 2255 motion be denied. In his Report and Recommendation, the magistrate judge determined: (1) Robinson's counsel informed him of his right to appeal but Robinson never advised his counsel of his desire to appeal; (2) Robinson was aware of the sentence he would receive at the time of the sentencing hearing and never objected to the presentence report or the adequacy of his representation; and (3) Robinson's California conviction for terrorist threats is a felony crime of violence under the career offender sentencing guideline.

Robinson's appointed counsel did not object to the magistrate judge's findings, but Robinson filed pro se objections. After de novo review, the district court adopted the magistrate judge's recommendations and denied Robinson's § 2255 motion. On July 17, 2006, Robinson's counsel filed a notice of appeal with the district court, her representation was continued on appeal by order of this Court. Robinson's counsel also filed an *Anders* brief and motion to withdraw with this Court. *See Anders v. California*, 386 U.S. 738 (1967). Robinson filed a pro se response to the *Anders* brief; the government declined to file a brief.

A COA is a jurisdictional pre-requisite to our review. *Miller-El v.*

*Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Robinson makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). We review the district court's factual findings for clear error and its legal conclusions *de novo. English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

Pursuant to *Anders*, we have conducted a full examination of the record. *See Anders*, 386 U.S. at 744. The magistrate judge correctly concluded Robinson's counsel was not ineffective and his prior terrorist threats conviction is a felony crime of violence for career offender purposes. Neither the Report and Recommendation nor the district court's order of dismissal are reasonably debatable. *Slack,* 529 U.S. at 484. Robinson has failed to make a sufficient showing that he is entitled to a COA. Accordingly, we **DENY** a COA, **DISMISS** the application, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

TERRENCE L. O'BRIEN
Circuit Judge

-4-