**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD RAIFSNIDER,

      Petitioner-Appellant,

v.

STATE OF COLORADO; COUNTY
OF MESA,

      Respondents-Appellees.

No. 08-1182
(D.C. No. 08-cv-638-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Edward Raifsnider, a federal prisoner proceeding *pro se*, seeks a certificate

of appealability ("COA") to contest the district court's dismissal of his petition

for writ of habeas corpus under 28 U.S.C. § 2241.  Mr. Raifsnider's challenge to

his detention arises out of the refusal of Mesa County, Colorado, to issue a

detainer and take temporary custody of him while he was in the state pursuant to

the Interstate Agreement on Detainers Act ("IADA").  Pub. L. No. 91-538, 84

Stat. 1397 (1970).  More specifically, Mr. Raifsnider was extradited to Colorado

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from Texas after several counties in Colorado lodged detainers against him pursuant to the IADA; while in those counties, he was tried for the relevant "untried indictment[s], information[s], or complaint[s]." IADA, art III(a). Mesa County, however, did not join in lodging a detainer against Mr. Raifsnider, despite having an outstanding warrant against him. This warrant, still outstanding, is now the subject of Mr. Raifsnider's habeas petition.

Before the district court, Mr. Raifsnider argued that his Mesa County charges must be dismissed pursuant to the terms of the IADA. In Mr. Raifsnider's view, the County's failure to exercise its right to issue a detainer while he was in Colorado precludes its ability to enforce its arrest warrant later. On this basis, Mr. Raifsnider asked the court to grant him habeas relief.

The district court disagreed and dismissed his petition. Initially, the court observed that Mr. Raifsnider had failed to exhaust his state court remedies by not presenting his claims to the highest state court in Colorado. But the court explicitly chose not to rest its decision on this score. Instead, proceeding to the merits, the court found no authority under the IADA for the proposition that a county must lodge a detainer and take temporary custody over an individual after he is extradited to the state pursuant to the IADA or withdraw its arrest warrant. Given its choice to address the merits rather than rest on Mr. Raifsnider's failure to exhaust, the district court dismissed his petition with prejudice. Dist. Ct. Op.

at 4 ("[T]he Application is denied and the action is dismissed with prejudice on the merits.").

Mr. Raifsnider now seeks from us a COA to contest the district court's dismissal of his habeas petition.[1] In his application to us, Mr. Raifsnider does not dispute that he failed to exhaust his state court remedies. Instead, he contends that the district court erred in proceeding to the merits of his petition after concluding that he had failed to exhaust his claim, and, upon reaching the merits, erroneously resolved them against him.

Because we may issue a COA only upon "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we are constrained to deny Mr. Raifsnider's application. Mr. Raifsnider has identified no constitutional dimension to his argument that the district court erred in deciding, after citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000), to proceed to the merits of his petition rather than rest on his failure to exhaust state remedies. Neither do we discern one. While the district court surely could have rested on the undisputed holding that Mr. Raifsnider failed to exhaust his state remedies, we

---

[1] A petitioner must obtain a COA from this court when he seeks to appeal the final order in a habeas corpus proceeding where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Because the detention Mr. Raifsnider complains of arises out of a warrant issued by a state court, he must obtain a COA in order to proceed with his appeal. *Cf. Montez v. McKinna*, 208 F.3d 862, 866-67, 869 n.6 (10th Cir. 2000). We thus deem his notice of appeal as an application for COA. *See* Fed. R. App. P. 22(b); *United States v. Robinson*, 2007 WL 3104768, at *1 (10th Cir. 2007).

are unaware of any authority suggesting it had to do so as a matter of constitutional imperative.

As to the district court's substantive ruling on the merits of the IADA, the analysis is much the same. Mr. Raifsnider at most suggests that the district court's IADA ruling was in error, not that a constitutional right has been implicated. Of course, we must construe his *pro se* filings liberally, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), and in so doing we acknowledge the possibility that a violation of the IADA could rise to the level of a constitutional violation. Even so, we are unable to discern any constitutional right of which Mr. Raifsnider might have been denied in this case. This circuit has held that an IADA violation does not "rise to a constitutional deprivation" without, at the very least, a showing that "actual prejudice" resulted from the violation. *Dobson v. Hershberger*, 1997 WL 543370, at *2 (10th Cir. 1997); *see also Knox v. Wyoming Dept. Of Corrs.*, 34 F.3d 964, 967 (10th Cir. 1994) (holding that "only 'special circumstances' permit collateral attack for violations of the IAD[A]"). A qualifying prejudicial error, in turn, is "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Knox*, 34 F.3d at 968 (alteration in original). Even assuming the IADA was violated by Mesa County's refusal to dismiss pending criminal charges against him, and we do not suggest it was, Mr. Raifsnider has made no showing – neither can he, at least of

yet – that the violation rose to the level of prejudice at which we would question whether the district court's resolution of his claim denied him a constitutional right. Mesa County's charges against him remain outstanding, and Mr. Raifsnider has not yet been brought to trial on the basis of them; indeed, it is possible he never will be. In these circumstances, we cannot say that a "fundamental defect which inherently results in a complete miscarriage of justice" has transpired. We therefore deny his application for a COA. We further grant his application to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge