FILED
United States Court of Appeals
Tenth Circuit

May 11, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY JOE EDWARDS,

　　　　Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

　　　　Respondent - Appellee.

No. 09-6013
(D. Ct. No. 5:08-CV-00995-R)
(W.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

　　　　Petitioner-Appellant Gregory Joe Edwards, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254.  We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Edwards's request for a COA, and DISMISS this appeal.

## I.  BACKGROUND

　　　　Mr. Edwards filed this habeas petition while incarcerated at the Oklahoma County Detention Center.  He named only the State of Oklahoma as the respondent.  The state filed a motion to dismiss, contending that it was not a proper respondent.  Mr. Edwards did not respond to the motion.  The magistrate issued a report and recommendation agreeing with the state's position.  The magistrate further advised against substituting the

proper respondent due to the unintelligible nature of the petition.

Mr. Edwards then filed an "Application for Immediate Release," which the district court construed as an objection to the report and recommendation. This filing, however, did not address who should be named as the respondent; indeed, the district court noted that it appeared entirely unrelated to the matters raised in the habeas petition. Thus, the court agreed with both of the magistrate's recommendations and dismissed the petition for failure to name the proper party respondent and for being unintelligible. Mr. Edwards appeals.

## II. DISCUSSION

A habeas petitioner may not appeal from the denial of his petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The district court correctly determined that the State of Oklahoma was not the proper respondent. A habeas petition must be directed toward the petitioner's custodian.

- 2 -

28 U.S.C. §§ 2242, 2243. When Mr. Edwards filed his petition, he was in detained at the Oklahoma County Detention Center and therefore in the custody of the county sheriff. Okla. Stat. tit. 19 § 513 ("The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same"). It appears that Mr. Edwards is currently incarcerated at the Jackie Brannon Correctional Center in McAlester, Oklahoma; thus, his current custodian is the warden of that facility. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

We further agree that the district court properly dismissed the petition rather than substitute the proper party respondent. Although Mr. Edwards is proceeding pro se, the court was under no obligation to correct obvious deficiencies in his petition. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). This is especially true where, as here, the pro se petitioner has been repeatedly advised of the error but has failed to respond at all to the matter. Finally, we agree with the magistrate's and the district court's assessment of Mr. Edwards's filings. Even construing them liberally, we fail to comprehend the nature of Mr. Edwards's claim(s). Thus, the petition was properly dismissed. *See Knox v. Wyo. Dep't. of Corr.*, 34 F.3d 964, 968 (10th Cir. 1994) (affirming dismissal of § 2254 petition for failure to state a claim).

## III. CONCLUSION

The district court properly dismissed Mr. Edwards's § 2254 petition. Accordingly,

we DENY his request for a COA and DISMISS this appeal.  Mr. Edwards's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge