FILED
United States Court of Appeals
Tenth Circuit

October 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL J. DAVIS,

      Petitioner - Appellant,

v.

ANGEL MEDINA, Warden, Limon
Corr. Facility,

      Respondent - Appellee.

No. 11-1328
(D.C. No. 1:10-CV-01955-REB)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Michael J. Davis, a state inmate proceeding pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (requiring a COA in

§ 2241 actions challenging the execution of a sentence whenever the detention

arises out of state process). Because we find that Mr. Davis has not "made a

substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2), we deny a COA and dismiss the appeal.

On appeal, Mr. Davis argues that the Interstate Agreement on Detainers Act

("IADA") requires dismissal of charges pending in Indiana. Specifically, Mr. Davis claims that he was tried in absentia, in violation of his due process right to be present, when he did not voluntarily absent himself from the Indiana trial. To the extent that Mr. Davis is challenging the Indiana conviction, he would need to demonstrate exhaustion and proceed under § 2254 in Indiana. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, the district court's conclusion—that the speedy trial provisions of the IADA (which might entitle a defendant to dismissal of the charges) apply only to untried criminal charges, rather than to a detainer for sentencing—is not reasonably debatable in this circuit. See Carchman v. Nash, 473 U.S. 716, 726 (1985); United States v. Coffman, 905 F.2d 330, 332 (10th Cir. 1990). We have reviewed the authorities cited by Mr. Davis in support of § 2241 jurisdiction and find them inapplicable to this key point. It is therefore unnecessary to address the circumstances under which an IADA claim may warrant habeas relief. See Knox v. Wyo. Dep't of Corr., 34 F.3d 964, 967 (10th Cir. 1994).

We DENY Mr. Davis's request for a COA, DENY his motion for leave to proceed on appeal without prepayment of costs or fees, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 2 -