FILED
United States Court of Appeals
Tenth Circuit

August 20, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICK G. STALLINGS,

      Petitioner - Appellant,

v.

GERMAN FRANCO, Warden; GARY K.
KING, New Mexico Attorney General,

      Respondents - Appellees.

No. 14-2071
(D.C. No. 1:13-CV-00596-WJ-CG)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Plaintiff Rick Stallings, a New Mexico prisoner, filed an application for relief

under 28 U.S.C. § 2254 in the United States District Court for the District of New

Mexico. He raised three claims: (1) violation of the Interstate Agreement on Detainers

Act (IADA); (2) illegal transportation from Colorado to New Mexico, in violation of his

due-process rights; and (3) denial of pro se status and access to legal materials. The

district court denied his claims. Plaintiff now seeks a certificate of appealability (COA)

from this court to pursue an appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal denial of § 2254 application). We deny a COA and dismiss the appeal.

## I.     BACKGROUND

In 2005 Plaintiff was charged with receiving or transferring a stolen motor vehicle in New Mexico. He did not appear for his pretrial conference, but he was arrested in Colorado shortly thereafter for a similar offense and was prosecuted and sentenced there. While serving his sentence in Colorado, he was extradited to New Mexico in 2007 for a pretrial conference in the motor-vehicle case. While in New Mexico, he escaped from the San Juan County Detention Center. He was apprehended eight days later in Colorado, where he pleaded guilty to a Colorado charge of attempted escape. He was paroled by the Colorado Department of Corrections and was taken into custody by New Mexico authorities on July 26, 2011. On February 14, 2012, Plaintiff signed a plea agreement and pleaded guilty to receiving or transferring a stolen vehicle, larceny, receiving stolen property over $500, and escape or attempt to escape from jail. He was sentenced to five-and-a-half years' imprisonment.

Plaintiff appealed to the New Mexico Court of Appeals, arguing that Colorado violated the IADA when it extradited him to New Mexico and that he had not been allowed to represent himself pro se. The court held that in his plea agreement he had waived his right to appeal except on jurisdictional grounds and the grounds for his appeal were not jurisdictional, so it affirmed his judgment and sentence. He unsuccessfully petitioned for a writ of certiorari from the New Mexico Supreme Court.

2

On June 27, 2013, Plaintiff filed a pro se application for relief under § 2254, arguing (1) that the IADA was violated when he was not allowed to return to New Mexico to face charges while he was serving his sentence in Colorado, (2) that his transfer from Colorado to New Mexico in July 2011 was illegal and violated his due-process rights, and (3) that he was improperly denied his right to represent himself and obtain access to legal materials in his pro se capacity. The district court denied relief because violations of the IADA alone do not state a claim on which habeas relief can be granted; there was no evidence that the IADA, Plaintiff's parole agreement in Colorado, or due process were violated by his transfer to New Mexico authorities; and Plaintiff did not make a clear and unequivocal request to represent himself at trial.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Plaintiff first argues that Colorado violated his rights under the IADA because it would not extradite him to New Mexico to face the charges there while he was

3

incarcerated in Colorado.  The district court ruled that there was no IADA violation.  But even if there was a violation, Plaintiff has not sufficiently alleged a claim on which we could grant habeas relief.  "[R]ights created by the [IADA] are statutory, not fundamental, constitutional, or jurisdictional in nature," and "only special circumstances permit collateral attack for violations of the [IADA]."  *Knox v. Wyo. Dep't of Corr. State Penitentiary Warden*, 34 F.3d 964, 967 (10th Cir. 1994) (internal quotation marks omitted).  Plaintiff has not alleged "any prejudicial error that qualifies as a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure."  *Id.* at 968 (brackets and internal quotation marks omitted).  Without such an allegation, he has no claim that would support relief.

Plaintiff also argues that his transfer from Colorado to New Mexico was illegal.  He states that even if he waived any challenge to extradition when he signed his parole agreement, his parole "was not to begin until July 27, 2011" and he was extradited "the day before on 7-26-2011."  Aplt. Br. at 2.  But the parole agreement stated that upon release, Plaintiff would "go directly to New Mexico Detainers . . . as designated by the Board of Parole."  R. at 152.  The district court found that this was separate from the provision in the agreement that he waived extradition to the State of Colorado during his term of parole.  And even if Plaintiff were able to show that his transfer to New Mexico was a violation of his parole agreement, he fails to describe a constitutional violation that would entitle him to habeas relief.  *See Davis v. Workman,* 695 F.3d 1060, 1078 (10th

4

Cir. 2012) ("[E]ven if the state rule was violated, Defendant cannot obtain relief on that ground under § 2254, which limits review to claims based on federal law.").

Plaintiff's third claim is that he repeatedly requested to proceed pro se in the New Mexico trial court and that the court's refusal to allow him to do so was a violation of his Sixth Amendment right to self-representation. "To invoke this right, however, a defendant must clearly and unequivocally assert his intention to represent himself, and must do so in a timely manner." *United States v. Callwood*, 66 F.3d 1110, 1113 (10th Cir. 1995) (citations omitted). "The reason that a defendant must make an unequivocal demand for self-representation is that otherwise convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel." *United States v. Treff*, 924 F.2d 975, 979 (10th Cir. 1991) (internal quotation marks omitted). The district court correctly concluded that Plaintiff did not make a clear and unequivocal demand for self-representation. He submitted a "Request to Proceed Pro-Se," but in this document he stated, "Would your Honor please consider appointing anyone outside the Public Defender's office to represent me on [one of his cases]? And would your Honor please consider allowing me to go pro-se on [the escape case]." R. at 54–55. He later submitted another pro se motion, in which he asked that the three non-escape cases against him be tried first so that he could "gain knowledge and experience from the 3 trials from the 2005 case, to where [he] could properly represent [himself] on the escape case." *Id.* at 60. He also submitted a motion in which he stated again that he wanted to proceed pro se, but he wrote, "Although I did ask to go

5

pro-se, I am not prepared at this time for trial, because I do not know the rules and procedures to a New Mexico jury trial." *Id.* at 61.

At best, these pleadings add up to a request for conditional or hybrid representation. But "there is no right to a hybrid representation." *Callwood*, 66 F.3d at 1114 (internal quotation marks omitted). And if we interpret them as a conditional request to proceed pro se, the request never matured because the escape charge was set for trial first. Of course, if Plaintiff could not proceed pro se, he had no right to access legal materials.

No reasonable jurist would debate the district court's rulings on any of Plaintiff's arguments.

## III.    CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

6