**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HILLIARD A. FULGHAM,

    Petitioner - Appellant,

v.

SCOTT CROW, Director

    Respondent - Appellee.

No. 20-5008
(D.C. No. 4:17-CV-00010-CVE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Pro se Petitioner-Appellant Hilliard A. Fulgham[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. His application for a COA raises

two claims: (1) an alleged violation of his rights under the Interstate Agreement

on Detainers Act ("IADA"), OKLA. STAT. tit. 22, § 1347, based on Oklahoma's

---

[*]    This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]    Because Mr. Fulgham is proceeding pro se, we construe his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

purported failure to timely bring him to trial, and (2) an alleged Sixth Amendment violation based on ineffective assistance of trial counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we **DENY** Mr. Fulgham's application for a COA as to each claim and **DISMISS** this matter.

## I

In April 2015, Mr. Fulgham was found guilty on two counts of first-degree murder and sentenced to life imprisonment without parole in relation to the stabbing deaths of two women in Tulsa, Oklahoma. On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Mr. Fulgham argued his conviction should be overturned because (1) the trial court violated his rights under the IADA by failing to bring him to trial within the statute's 120-day timeframe; and (2) his trial counsel rendered ineffective assistance by failing to raise this IADA argument before trial. *See Fulgham v. State*, 400 P.3d 775, 778, 780 (Okla. Crim. App. 2016).[2]

Mr. Fulgham's first appellate argument turned on Article IV(c) of the IADA. Under Article IV(c), Mr. Fulgham's trial was to commence no later than 120 days after he was transferred to Oklahoma from Mississippi, absent a continuance "for good cause." *See* OKLA. STAT. tit. 22, § 1347 ("[T]rial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in

---

[2]     Mr. Fulgham does not include the OCCA ruling in the record, but we take judicial notice of the ruling as it appears on Westlaw.

the receiving state, but for good cause shown . . . , the court . . . may grant any necessary or reasonable continuance."). Further, Article V(c) of the IADA specifies that charges "not brought to trial" within this 120-day timeframe "shall" be dismissed "with prejudice." *Id.* Mr. Fulgham was transferred to Oklahoma on September 18, 2013, but his trial did not commence until April 6, 2015—565 days after his arrival in Oklahoma. Based on this delay, he argued Oklahoma's criminal charges against him should have been dismissed pursuant to the IADA and, therefore, his conviction should be overturned.

The OCCA rejected this argument, pointing out that Mr. Fulgham never raised any IADA-related issues prior to trial; indeed, the *trial court* raised questions pertaining to the IADA at Mr. Fulgham's sentencing hearing, "well after the completion of his jury trial." *Fulgham*, 400 P.3d at 778.[3] By failing to invoke his IADA rights pre-trial, Mr. Fulgham "acquiesced to treatment inconsistent with" the statute's time limitations and, thus, "waived any rights granted to him under the IAD[A]—along with his ability to subsequently complain such rights had been violated when he proceeded to trial." *Id.* at 779–80.

---

[3] At Mr. Fulgham's initial sentencing hearing, the trial court noted it "discovered a Request for Temporary Custody filed pursuant to the IAD[A] in the record" and "directed the parties to 'look into this' and specifically research the issue of waiver." *Fulgham*, 400 P.3d at 778. When Mr. Fulgham was eventually sentenced, the trial court concluded that he had "effectively waived" his IADA rights. *Id.* at 778–79.

3

The OCCA also rejected Mr. Fulgham's ineffective-assistance-of-counsel argument. *See id.* at 780–81. At bottom, this argument was entirely speculative: in essence, Mr. Fulgham argued that, had his counsel asserted his IADA rights before trial, his case would have been dismissed, and that by failing to do so, his counsel rendered constitutionally deficient performance and prejudiced his defense. But the OCCA refused to "blindly make the leap necessary to find prejudice in [Mr. Fulgham's] case based on speculation alone." *Id.* at 780.[4] Thus, because Mr. Fulgham "failed to present any evidence demonstrating the reasonable probability of a different result in the proceedings," he did not establish ineffective assistance of counsel. *Id.* at 780–81.

Mr. Fulgham reasserted these arguments in his § 2254 petition, which the district court denied. While the district court agreed with the OCCA that Mr. Fulgham waived his IADA claim, it noted additionally that Mr. Fulgham was not automatically entitled to habeas relief based on a bare IADA violation. Rather, he needed to show that such a violation prejudiced his defense or constituted a miscarriage of justice. Having failed to make this showing, the court reasoned that Mr. Fulgham was not entitled to habeas relief based on his IADA claim. The

---

[4] Even were it to speculate, the OCCA noted that it was not "unrealistic to assume that the trial court would have advanced the date of [Mr. Fulgham's] trial or otherwise ensured a proper record was made establishing good cause for delay," had Mr. Fulgham or his counsel "flagged th[e] issue some time prior to trial"—"either of which would have satisfied" the IADA's requirements. *Fulgham*, 400 P.3d at 780.

4

court also rejected Mr. Fulgham's ineffective-assistance-of-counsel claim, as Mr. Fulgham failed to "demonstrate[] a reasonable probability that the trial court would have dismissed [his] case" and, therefore, failed to show the requisite prejudice. R., Vol. I, at 251 (Dist. Ct. Order, filed Dec. 31, 2019). Finally, the district court denied Mr. Fulgham a COA. Mr. Fulgham timely applied for a COA before this court.

## II

As a state prisoner proceeding under 28 U.S.C. § 2254, Mr. Fulgham must obtain a COA to be heard on the merits of his appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). But he cannot obtain a COA without making "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, Mr. Fulgham must show that the district court's resolution of his claims was "debatable or wrong." *Slack*, 529 U.S. at 484. This showing is "the only question" at the COA phase of habeas litigation; "a merits analysis" is improper. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

If a state court has already addressed the merits of a habeas petitioner's claims—as the OCCA has done here with Mr. Fulgham's claims—the "deferential treatment of state court decisions" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "must be incorporated into our consideration of [the] petitioner's request for a COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). "Under AEDPA deference, a federal court's habeas review is limited to determining whether the OCCA's conclusion[s were] 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or whether [they] 'w[ere] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Lockett v. Trammell*, 711 F.3d 1218, 1230 (10th Cir. 2013) (quoting 28 U.S.C. § 2254(d)). This standard is "highly deferential . . . [and] demands that state-court decisions be given the benefit of the doubt." *Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013) (alteration and ellipsis in original) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

### III

Mr. Fulgham seeks a COA on the same two claims he raised before the OCCA on direct appeal and before the district court in his habeas petition: (1) an alleged violation of his IADA rights and (2) an alleged ineffective assistance of trial counsel, essentially for failing to raise the first claim pre-trial. In seeking a COA, Mr. Fulgham largely rehashes his arguments made before the OCCA and

district court, while failing to substantively challenge the bases of the district court's denial of his habeas petition. We conclude that Mr. Fulgham is not entitled to a COA.

First, as to Mr. Fulgham's IADA claim, both the OCCA and the district court essentially concluded that Mr. Fulgham likely waived this claim by failing to raise it before his trial. *Cf. Reed v. Farley*, 512 U.S. 339, 352 (1994) (plurality opinion) ("[W]e conclude that a state court's failure to observe the 120-day rule of IAD[A] Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement."). But irrespective of any possible waiver, Mr. Fulgham's first claim does not warrant the issuance of a COA because he has failed to make a threshold substantial showing that any IADA-related error abridged or otherwise violated his constitutional rights.

We have held that "rights created by the [IADA] are statutory, not fundamental, constitutional, or jurisdictional in nature"—and, thus, an "IAD[A] violation might be 'grounds for collateral attack on a . . . conviction and sentence'" *only* "if 'special circumstances' exist[] in a particular case." *Knox v. Wyo. Dep't of Corrs.*, 34 F.3d 964, 967 (10th Cir. 1994) (quoting *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981)); *see Raifsnider v. Colorado*, 299 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("This circuit has held that an IADA violation does not 'rise to a constitutional deprivation' without, at the

very least, a showing that 'actual prejudice' resulted from the violation." (quoting

*Dobson v. Hershberger*, 124 F.3d 216, 1997 WL 543370, at *2 (10th Cir. 1997)

(unpublished table decision))).

"Special circumstances" or "actual prejudice," in turn, require "a

fundamental defect which inherently results in a complete miscarriage of justice,

[or] an omission inconsistent with the rudimentary demands of fair procedure."

*Raifsnider*, 299 F. App'x at 827 (alteration in original) (quoting *Knox*, 34 F.3d

at 968); *see also Reed*, 512 U.S. at 354 (recalling "the established rule with

respect to nonconstitutional claims" in habeas proceedings: "[N]onconstitutional

claims . . . can be raised on collateral review only if the alleged error constitutes a

'"fundamental defect which inherently results in a complete miscarriage of

justice."'" (alteration and ellipsis in original) (quoting *Stone v. Powell*, 428 U.S.

465, 477 n.10 (1976))).

Even if we assumed that an IADA violation occurred, Mr. Fulgham "has

not alleged 'any prejudicial error that qualifies as a fundamental defect which

inherently results in a complete miscarriage of justice, or an omission inconsistent

with the rudimentary demands of fair procedure'"—and, thus, "has no claim that

would support [habeas] relief." *Stallings v. Franco*, 576 F. App'x 820, 822–23

(10th Cir. 2014) (unpublished) (quoting *Knox*, 34 F.3d at 968). Thus, Mr.

Fulgham cannot establish that the district court's denial of his habeas petition

8

concerning his IADA claim is debatable or wrong. He is not entitled to a COA on this claim.

Mr. Fulgham is likewise not entitled to a COA on his second claim, for ineffective assistance of counsel. "Under [the governing *Strickland*] standard, in order to prevail on a claim of ineffective assistance of counsel, Mr. [Fulgham] must show both that his counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced the defense.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "The [prejudice] prong of *Strickland* . . . requires [Mr. Fulgham] to show 'that there is a reasonable probability'"—not "mere speculation"—"'that, but for [his] counsel's error, "the result of the proceeding would have been different."'" *Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012) (quoting *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009)). "Courts are free to address these two prongs [of deficient performance and prejudice under *Strickland*] in any order, and failure under either is dispositive." *Byrd*, 645 F.3d at 1168.

We conclude that reasonable jurists could not debate the correctness of the district court's resolution of Mr. Fulgham's ineffective-assistance claim and, therefore, he is not entitled to a COA on this claim. That is true because the district court rightly determined that the OCCA's ruling on the prejudice prong of

9

*Strickland* was not contrary to, nor an unreasonable application of, clearly established federal law.

More specifically, Mr. Fulgham merely speculates that the charges against him would have been dismissed had his trial counsel raised the IADA's time limitations pre-trial. But this contention rests on an entirely hypothetical—and implausible—factual scenario. As both the OCCA and district court pointed out, there is every reason to believe that, had Mr. Fulgham's trial counsel timely invoked the IADA's 120-day limit, the trial court would have made a good cause finding for delay or otherwise accelerated Mr. Fulgham's trial date. Mr. Fulgham's theory of *Strickland* prejudice, then, is too conjectural to warrant habeas relief. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable."). Thus, as with his first claim, Mr. Fulgham fails to show the district court's rejection of his second claim is debatable or wrong; therefore, he is not entitled to a COA on this second claim.

## IV

For the foregoing reasons, we **DENY** Mr. Fulgham's application for a COA and **DISMISS** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

10